Argued April 16; modified June 17, 1941

# TITLE & TRUST CO. *v.* WHARTON ET AL.
(114 P. (2d) 140)

Before KELLY, Chief Justice, and RAND, LUSK and BAILEY, Associate Justices.

*Ralph R. Bailey*, Assistant Attorney General (I. H. Van Winkle, Attorney General, on the brief), for appellants.

*Thomas B. Stoel, Jr.*, of Portland (Carey, Hart, Spencer & McCulloch, of Portland, on the brief), for respondent.

BAILEY, J. The question here for consideration is whether the Title and Trust Company, plaintiff, is required to pay a corporation excise tax for the year 1936 on net income derived from its title insurance business during that year. From a decree holding that the net income from such business was not subject to that tax this appeal is taken.

The plaintiff is an Oregon corporation and, among other things, is engaged in the business of insuring titles to real property. For the calendar year 1936 its total net income was $62,478.04. Approximately $39,136.24 of this amount was income from its title insurance business.

On or about March 31, 1937, the plaintiff filed with the State Tax Commission a corporation excise tax return for the calendar year 1936, in which return it claimed that its entire net income for 1936 was exempt from the excise tax. In July, 1937, the tax commission mailed to the plaintiff a notice denying its claim of exemption and containing a statement of delinquent excise tax amounting to $4,531.04 due for 1936. This tax was computed at the statutory rate of eight per cent on the plaintiff's total reported net income, with an offset of $467.20 allowed for personal property taxes paid by the plaintiff during the year 1936. Subsequently the tax, with additional statutory penalties and interest, was assessed against the plaintiff.

In February, 1938, the plaintiff filed with the tax commission a notice of appeal from the assessment. After a hearing, the tax commission entered an order

denying the plaintiff's claim of exemption and sustaining the assessment, whereupon the plaintiff appealed to the circuit court, pursuant to § 69-1322 (b), Oregon Code 1935 Supplement.

In the original complaint filed in the circuit court the plaintiff claimed as exempt from excise tax the net income realized from its entire business during the year 1936. At the conclusion of argument on demurrer to this complaint, the plaintiff filed an amended complaint, in which it claimed exemption only as to the net income derived from its title insurance business. The commission filed an answer to the amended complaint, and after a trial of the issues the court made findings of fact. One such finding, made without the introduction of any evidence on the subject, was that $23,341.80 of the plaintiff's net income for the year 1936 was derived from business other than title insurance.

The decree of the court was to the effect that $39,136.24 of the plaintiff's net income for 1936 was "exempt from the corporation excise tax by reason of the provisions of § 46-109 (6) of Oregon Code, 1930." The decree awarded the tax commission judgment against the plaintiff for the sum of $1,400.14, as excise tax at the rate of eight per cent per annum on $23,341.80 with a deduction of $467.20 for personal property taxes paid; and further awarded interest of one per cent per month on $1,400.14 from March 31, 1937.

■ The corporation excise tax law was enacted in 1929 (chapter 427, Oregon Laws 1929; chapter XIII, title LXIX, Oregon Code 1930) and was subsequently amended in some particulars. Section 69-1306, Oregon

Code 1935 Supplement, provides, among other things, as follows:

"Every mercantile, manufacturing and business corporation doing or authorized to do business within this state, except as hereinafter provided, shall annually pay to this state, for the privilege of carrying on or doing of business by it within this state, an excise tax according to or measured by its net income, to be computed in the manner hereinafter provided, at the rate of five [5] per cent upon the basis of its net income for the year 1930, and at the rate of eight [8] per cent upon the basis of its net income for the year 1931 and for each year thereafter."

It is then set forth in the same section that certain deductions shall be allowed for taxes assessed to and paid by the corporation on its personal property located in this state.

Section 69-1311, Oregon Code 1935 Supplement, in part reads thus:

"The following corporations, to the extent of income realized from the activities specifically enumerated in this section, shall not be deemed to be financial, mercantile, manufacturing or business corporations, within the meaning of this act, and shall be exempt from the taxes imposed thereunder:

\* \* \*

"(i) Insurance companies, interinsurance and reciprocal exchanges upon which a tax on premium is levied."

Other corporations exempted as to certain businesses therein specified are listed by § 69-1311, *supra,* under subheadings (a) to (k), inclusive, among which corporations are labor, agricultural, fraternal and beneficial societies, cemetery corporations, business leagues, chambers of commerce, civic leagues and other organizations not here important.

In conducting the business of title insurance in 1936 the plaintiff was doing an insurance business and was to be classed as an insurance corporation within the meaning of the insurance laws of this state: chapter 203, General Laws 1917 (§§ 46-101 and 46-102, Oregon Code 1930). It was not, however, exempted by subdivision (i) of § 69-1311, *supra,* from the payment of excise taxes, for the reason that no tax was levied on the premiums collected by it. Nor does title insurance business such as conducted by the plaintiff come within any other class of corporate activity exempted by § 69-1311, *supra.*

The plaintiff contends that it is exempted from the payment of excise tax by the provisions of the insurance law. It is therefore necessary to consider that law.

In 1917 the legislature enacted a comprehensive insurance code, designated therein as the "insurance law": chapter 203, General Laws 1917. This law has from time to time been amended, although for the purpose of this opinion we are not concerned with any amendments made subsequent to 1936. Section 46-109, Oregon Code 1930, requires every foreign and alien insurance company to set forth in its annual statement to the insurance commissioner the gross amount of premiums received by it from policies covering risks within this state during the preceding calendar year. If the commissioner finds the report so filed to be correct, he is required to "compute an amount of two and one-fourth (2¼) per cent on the balance of such gross amount of premium after .deducting such return premiums, payments to policyholders for dividends and unabsorbed premiums and considerations paid for re-insurance in admitted com-

panies, and charge the same to such company as a tax upon the business done by it in the state for the period shown by such annual statement.''

Subdivision 5 of § 46-109, *supra,* thus reads:

''The insurance commissioner shall, except as otherwise provided in this act, require and receive fees from all companies transacting or desiring to transact insurance business in this state as follows:

For issuing certificate of authority to companies, $5.
For filing power of attorney, $2.50.
For filing annual report of Oregon business, $5.
For certificate of registering title of policy, $5.
For annual license, fire insurance companies, $150.
For annual license, other insurance companies, $100.
For annual license, fraternal societies, $25.
For annual license, interinsurance exchanges, $50.
* * *''

Subdivision 6 of the same section is as follows:

''The taxes, fees and charges as herein and elsewhere provided for in the 'insurance law' shall be in lieu of all other taxes, licenses, fees and charges of every kind and character by the state or any city, town, county or other political subdivision thereof, except taxes on real and personal property located in this state, which may be required of companies or their agents for the privilege of transacting insurance business.''

The plaintiff relies upon the language of the foregoing subdivision 6 to support its contention that it is exempt from the corporation excise tax.

Under the provisions of the insurance law the only monetary payment which the state exacts from the plaintiff is the $100 paid for its annual license. The plaintiff in 1936 paid also, pursuant to § 46-1502, Oregon Code 1930, a fee of $5 for filing its annual

statement with the insurance commissioner. This latter section is no part of the "insurance law".

It is the plaintiff's contention that it has paid all the taxes, fees and charges required of it by the "insurance law" of Oregon, and that it is therefore exempted, by force of subdivision 6, § 46-109, *supra,* from paying any other taxes, licenses, fees or charges except taxes on real and personal property. To state its claim more specifically, the plaintiff asserts that if the "insurance law" requires of it only an annual license fee of $100, such annual fee is in lieu of "all other taxes, licenses, fees and charges" except property taxes.

The tax commission takes a contrary view. It construes subdivision 6, *supra,* as stating that the tax imposed by the insurance law is "in lieu of" other taxes, that the fee imposed is in lieu of other fees, and that any charge made thereunder is in lieu of other charges. Its contention is that when no tax is imposed by the insurance law and the only charge made by it against an insurance company is an annual license fee, such license fee is in lieu of any and all other license fees but is not in lieu of taxes and other kinds of fees and charges.

The language employed by the legislature in subdivision 6 of § 46-109, *supra,* is not clear and free from ambiguity. Especially is this true of it when considered in connection with the language contained in § 69-1306, *supra.* The only fee, as heretofore stated, paid by the plaintiff under the provisions of the insurance law is the $100 annual license fee. This payment was made, in the words of subdivision 6 of § 46-109, *supra,* "for the privilege of transacting insurance business." The excise tax authorized by

§ 69-1306, *supra,* is "measured by" the net income of corporations subject to it, and is paid "for the privilege of carrying on or doing of business."

 In the interpretation and construction of statutes the primary rule is to ascertain and give effect to the intention of the legislature: 25 R. C. L., page 960; § 2-217 O. C. L. A. As stated in 2 Lewis' Sutherland on Statutory Construction, 2d Ed., § 363, page 693: "If a statute is valid it is to have effect according to the purpose and intent of the law-maker. The intent is the vital part, the essence of the law, and the primary rule of construction is to ascertain and give effect to that intent." In arriving at the intention of the legislature, courts are aided by certain well-established rules, among which are these: That repeal by implication is not favored (*Winters v. George,* 21 Or. 251, 27 P. 1041); and that exemptions from taxation are to be strictly construed, and their operation is never to be extended by construction (25 R. C. L., § 309, page 1093).

In 1929 the legislature enacted a broad system of income taxation. By chapter 427, *supra,* it imposed an excise tax on the net income of corporations. It provided also, by chapter 429, Oregon Laws 1929, for a tax on income from intangibles. (This law was later declared unconstitutional and a substitute law was enacted in 1931: chapter 335, Oregon Laws 1931.) And by chapter 448, Oregon Laws 1929, it imposed a tax on the earned income of individuals. This taxing system inaugurated by the 1929 legislature differed greatly from the scheme of taxation theretofore in effect. Its purpose was to obtain from new sources additional revenue for the support of the state gov-

ernment, and to relieve real property from some of its burden of taxation.

When the foregoing statutes were enacted the "insurance law" was in effect, imposing a tax on gross premiums received by foreign and alien insurance companies (§ 46-109, *supra*), and a similar tax on inter-insurance and reciprocal exchanges (§ 46-1312, Oregon Code 1930). Cognizant of the fact that such exactions, in the nature of a tax on income, were made by the insurance law, the legislature in framing the excise tax law specifically exempted from its requirements foreign and alien insurance companies and interinsurance and reciprocal exchanges.

By § 77-243 O. C. L. A. every corporation organized under the laws of the state of Oregon, with the exception of insurance companies, is required to pay an annual license fee based on the amount of its capital stock. And by § 77-206 O. C. L. A. every foreign corporation, excepting insurance companies, is required to pay a flat fee of $200 a year. The license fee thus imposed is an annual charge against the corporation for the privilege of conducting business in a corporate capacity: *Portland v. Portland Ry., L. & P. Co.,* 80 Or. 271, 156 P. 1058. The annual license fee exacted from insurance companies is of the same nature as the annual corporation license fee.

■ The excise tax law makes no distinction between domestic insurance companies and other corporations except foreign insurance companies. In specifically exempting from payment of the excise tax those insurance companies paying a tax on gross premium received by them, the legislature construed subdivision 6 of § 46-109, *supra,* as not having the effect of exempting insurance companies from the payment of

excise taxes. Furthermore, had the legislature intended to extend the exemption to all insurance companies amenable to the provisions of the insurance law, it would undoubtedly have so provided, instead of singling out certain classes of insurance companies.

*Metropolitan Life Insurance Company v. Stoll,* 276 Mich. 637, 268 N. W. 763, involved much the same question that here confronts us. The plaintiff in that case was a foreign life insurance company admitted to do business in the state of Michigan. The law imposed a specific tax on its business written in that state, in the amount of two per cent on gross premiums, and further provided that: "Such specific taxes shall be in lieu of all other taxation, whether state or local, excepting for real estate owned by such companies within this state and securities deposited herein unless exempted under the general tax laws of the state." A later law was passed, providing for a tax of fifty cents on each one hundred dollars "and each remaining major fraction thereof of the principal debt or obligation which is, or under any contingency may be, secured by a mortgage upon real property situated within this state."

It was contended by the insurance company that the two per cent tax paid by it was in lieu of all other taxation and that it therefore was not subject to the mortgage tax law. The court held that the two acts were in irreconcilable conflict, that both were of equal dignity and force, and that both could not be given full effect according to their terms. It sustained the mortgage tax law, stating in its opinion that:

"It is the rule that where two laws *in pari materia* are in irreconcilable conflict, the one last enacted will control or be regarded as an exception to or qualifi-

cation of the prior statute. 59 C. J. 1051. Upon such rule, the mortgage act would prevail because it was enacted after the exemption to foreign insurance companies and later amendments operated only to reduce their immunity.

"But, in the last analysis, we think decision should rest upon the clear intention of the legislature that all mortgages not expressly excepted in the act are subject to the tax.

"This intention clearly appears from the positive statement that the tax is 'imposed on each such mortgage'; that, aside from building and loan mortgages, the original exceptions were based on the character of the mortgagor and no exception of a mortgagee was made; that no exception was made as to any of the several classes of corporations which pay specific taxes and are declared exempt from other taxation; that the later exceptions in 1935 were based upon considerations of public welfare; and that no exceptions have been made for the direct benefit of any private mortgagee."

The following cases relied upon by the plaintiff, *City and County of San Francisco v. Pacific Telephone & Telegraph Company*, 166 Cal. 244, 135 P. 971, *Hartford Fire Insurance Company v. Jordan*, 168 Cal. 270, 142 P. 839, and *Pacific Gas & Electric Company v. Roberts*, 168 Cal. 420, 143 P. 700, involved a constitutional amendment which imposed a tax on receipts from operation of public utilities and gross premiums received by insurance companies. The amendment further provided that the tax should "be in lieu of all other taxes and licenses, state, county, and municipal, upon the property above enumerated."

In *City and County of San Francisco v. Pacific Telephone & Telegraph Company*, supra, the question was whether the telephone company was exempt from a license fee or tax on its business, imposed by the

city and county of San Francisco. It was pointed out by the court that the tax imposed by the constitutional amendment "is declared to be in lieu, not merely of other taxes, but 'of all other taxes *and licenses* * * * upon the property'", and that therefore the telephone company was exempted from payment of the license fee or tax imposed by municipal ordinance. The ruling in the other two California cases above cited is to like effect, that the constitutional amendment intended to and did wholly exempt corporations subject to the tax imposed by it from all other taxes and license fees. It is to be noted that the exemption was made by constitutional provision, clearly and explicitly stated.

■■ It is plain from the language used in the excise tax law that the legislature intended that all corporations doing business within the state of Oregon should pay annually an excise tax based on net income, with the exception of corporations specifically exempted. We must bear in mind, also, the rule of construction hereinabove mentioned, that exemptions from taxation are to be strictly construed and will not be upheld unless clearly granted. It is our conclusion that the plaintiff is required to pay the excise tax prescribed by § 69-1306, *supra,* on the net income from all its business transacted in the state of Oregon. Subdivision 6 of § 46-109, *supra,* in so far as it may be in conflict with this interpretation, is to be regarded as repealed by the excise tax law.

In arriving at this decision we have not overlooked the argument advanced by the plaintiff that the legislature by the enactment of the insurance law intended to place domestic insurance companies in a more favorable position than foreign and alien insurance com-

panies. That intention, however, is not inconsistent with requiring domestic insurance companies, along with other corporations, to make proper contribution to the support of the state government.

The decree of the circuit court awarded the tax commission "judgment from plaintiff for the sum of $1,400.14 plus interest thereon at the rate of one per cent per month from March 31, 1937, until paid, and for no other or greater sum." The tax commission contends that the trial court erred in not awarding it an additional amount equal to five per cent of the tax. In support of this contention the commission relies upon § 69-1319, subdivisions (a), (b) and (c), Oregon Code 1935 Supplement. These subdivisions thus provide:

"(a) If any taxpayer, without intent to evade any tax imposed by this act, shall fail to file a return of income or pay a tax, if one is due at the time required by or under the provisions of this act, but shall voluntarily file a corrected return of income and pay the tax due, within sixty [60] days thereafter, there shall be added to and made a part of the tax an additional amount equal to five [5] percent thereof, plus one dollar [$1.00] and an additional one [1] per cent for each month or fraction of a month during which the tax remains unpaid.

"(b) If any taxpayer fails voluntarily to file a return of income or to pay a tax, if one is due, within sixty [60] days of the time required by or under the provisions of this act, the tax rates shall be increased by twenty [20] per cent, and such increased tax shall be further increased by one [1] per cent for each month or fraction of a month from the time the tax was originally due to the date of payment.

"(c) The commission shall have power, upon making a record of its reason therefor, to waive or reduce any of the additional taxes or interest pro-

vided in subdivisions (a) and (b) of this section or in subdivisions (b), (c) and (d) of section 69-1321, and to credit all payments received first to penalty and interest, then to tax due.''

In the tax commission's opening brief it is stated that ''pursuant to the authority contained in section 69-1319 (c) the commission by a regulation of long standing has made it a practice to reduce the penalty to 5 per cent in such a case as this when an appeal in good faith is taken to the courts.''

The plaintiff filed its tax return within the time provided by law. In this return, however, it claimed exemption from payment of any excise tax. The claim of exemption was denied and in July of the same year, 1937, the commission sent to the plaintiff a statement of the amount of tax found due from it. The appeal by the plaintiff to the circuit court was filed April 15, 1938. Sometime prior to March 15, 1939, the plaintiff admitted that the net income received by it from other than insurance business was taxable, but it did not pay the tax thereon until August 5, 1940, when it paid the principal amount of the tax as admitted by it, with interest thereon at the rate of one per cent per month or fraction thereof from March 31, 1937.

■ Inasmuch as the plaintiff has not paid the tax on either the net income received from its insurance or from its other business within sixty days from the time required by the excise tax law, it is subject to a penalty of five per cent of the amount due, unless relieved from payment thereof by some other provision of the excise tax law. The plaintiff relies on subdivisions (a) and (b) of § 69-1321, Oregon Code 1935 Supplement, in support of its assertion that a

penalty of five per cent is not collectible. These subdivisions thus read:

"(a) As soon as practicable after the return is filed the commission shall examine it and compute the tax, and the amount so computed by the commission shall be the tax. If the tax found due shall be greater than the amount theretofore paid, the excess shall be paid to the commission within ten [10] days after notice of the amount shall be mailed by the commission.

"(b) If the return is made in good faith and the understatement of the tax is not due to any fault of the taxpayer, there shall be no penalty or additional tax added because of the understatement, but interest shall be added to the amount of the deficiency at the rate of one [1] per cent for each month or fraction of a month."

These provisions, however, apply only when the commission finds the amount of tax due to be greater than shown by the taxpayer and payment is made within ten days after the taxpayer has received notice from the commission of the amount of tax due.

■ Under the law as we construe it, the plaintiff is liable to a penalty of five per cent of the amount of tax due from it, plus interest on the tax at the rate of one per cent per month or fraction of a month from the date the tax became due until paid.

The decree appealed from is accordingly modified and the cause is remanded to the circuit court to enter a decree in favor of the State Tax Commission and against the plaintiff in conformity with this opinion.