Argued April 22; affirmed May 27, 1947

## CORBETT INVESTMENT CO. *v.* STATE TAX COMMISSION OF THE STATE OF OREGON

(181 P. (2d) 130)

*Dean Ellis,* Assistant Attorney General, of Salem, (with George Neuner, Attorney General, of Salem, on brief) for appellants.

*Ralph R. Bailey,* of Portland, (with William E. Dougherty and Maguire, Shields & Morrison, all of Portland, on brief) for respondent.

Before ROSSMAN, Chief Justice, and BELT, BAILEY and WINSLOW, Justices.

BELT, J.

This is an appeal from a decree of the circuit court setting aside and reversing an order of the State Tax Commission assessing a corporation excise tax against the plaintiff company for the calendar year 1944. Demurrer to the complaint was overruled and, upon refusal of the Tax Commission further to plead, a decree was entered declaring the tax void and enjoining the collection thereof. From this decree, the Commission appeals.

The Corbett Investment Company, a corporation, asserts that it is exempt from payment of the excise tax for the reason that over 95% of its gross receipts for 1944 was derived from rentals of real property owned by it. The Commission concedes that the plaintiff would be exempt from the tax if 95%, or over, of its gross receipts is derived from such rentals, but contends that if the amount of money derived from the sale of real property by the plaintiff during 1944 is included in gross receipts, the plaintiff would not, as a matter of law, be entitled to such exemption.

It is plaintiff's contention that such proceeds cannot be considered as a part of its gross receipts within the meaning of the corporation excise tax law because such sale resulted in a loss of $115,718.14. The demurrer admits that such loss was sustained. The Commission asserts, however, that notwithstanding the

loss—allowable for tax purposes—the amount received from the sale of the property should have been included as a part of the gross receipts. If the sales price is included, the plaintiff concedes that less than 95% of its gross receipts would be derived from rental of real property owned by it and therefore no right of exemption would exist.

The decision therefore hinges on the meaning of "gross receipts" as used in the excise tax law. § 110-1511 (k), O. C. L. A., provides that the following corporations shall be exempt from the taxes imposed by the act: "Every corporation whose gross receipts to the extent of at least 95 per cent thereof is derived from rentals of real property owned by it; * * *."

The excise tax law of this state was originally enacted in 1929 (chapter 427, Laws of Oregon 1929) and, as amended, is codified as §§ 110-1501 to 110-1527, O. C. L. A. The corporation excise tax is imposed upon corporations for the privilege of doing business in this state. The amount of the tax is determined by the corporation's net income. § 110-1506, O.C.L.A.; *Hines Lumber Co. v. Galloway,* 175 Or. 524, 154 P. (2d) 539. The law was enacted in 1929 to relieve the heavy burden of taxes imposed upon real property. It was provided therein that corporations whose income consisted principally of rentals of real property should be exempted in order to avoid double taxation. We think it is important to bear in mind the purpose and spirit of the exemption provision in the act in determining the meaning of the term "gross receipts" as used therein. The context and subject matter of the act must be considered in arriving at the legislative intent in the use of the term in question. We think a court should be reluctant to give a meaning to "gross receipts" foreign to the basic concept of income as expressed in

the act. In other words, an income tax is concerned with gain or profit, and not loss. *Burnet v. Logan,* (N. Y.), 283 U. S. 404, 75 L. Ed. 1143, 51 S. Ct. 550; 47 C. J. S., Internal Revenue, § 167.

In the original enactment in 1929, the term "gross income" appeared in the exemption provision. It was not until 1933 (Second Special Session, chapter 33) that the act was amended by changing the term "gross income" to "gross receipts". Prior to this amendment, it is clear that, under the factual situation as alleged, the plaintiff corporation would have been entitled to exemption, because a loss could in no sense be considered as a part of income.

What, if anything, did the legislature have in mind in making such an amendment? The Tax Commission relies upon the distinction between gross income and gross receipts. It asserts that the amendment was made to put a greater restriction upon the right to claim exemption from payment of taxes. The Commission gives to the term "gross receipts" a far broader and more comprehensive meaning than the plaintiff gives to it. The question of intent is rendered more perplexing by reason of the fact that the act does not define "gross receipts", whereas it does "gross income". Obviously, not much aid in the solution of the question is had by a consideration of authorities from other jurisdictions based upon different statutory enactments. No case has been cited—and none has been found—precisely in point. It is a question of first impression.

■ Had gain or profit been derived from the sale, it is clear that such gain or profit would properly be included as a part of the gross receipts. In the instant case, however, a loss occurred. There was merely a conversion of real property into cash. There was no

gain in capital assets. Only the gain on the sale of a capital asset is recognized for income tax purposes. *Lynch v. Turrish,* 247 U. S. 221, 62 L. Ed. 1087, 38 S. Ct. 537. The United States Supreme Court has definitely rejected the broad contention that all receipts —"everything that comes in"—are income within the meaning of "gross income" as used in tax legislation. *Southern Pacific Co. v. Lowe,* 247 U. S. 330, 62 L. Ed. 1142, 38 S. Ct. 540, citing *Doyle v. Mitchell Brothers Co.,* 247 U. S. 179, 62 L. Ed. 1054, 38 S. Ct. 467, and *Hays v. Gauley Mt. Coal Co.,* 247 U. S. 189, 62 L. Ed. 1061, 38 S. Ct. 470.

If we give to "gross receipts" its broadest meaning—"everything that comes in"—then an absurd, unreasonable and unjust result may obtain in the administration of the excise tax law. Assume that an involuntary conversion of capital assets occurs as a result of eminent domain proceedings. Is the amount of compensation received for the property to be included as a part of "gross receipts" in determining whether the taxpayer is entitled to exemption? Assume that a taxpayer has property valued at $100,000, which is destroyed by fire. It is insured for $50,000. Will the amount received from the insurer be included as a part of "gross receipts"?

Gross income or gross receipts are terms whose meaning depends largely upon the context and subject matter of the act in which they are used. *First Trust Co. of St. Paul v. Commonwealth Co.,* (C. C. A., 8th Cir.), 98 F. (2d) 27. In some instances, the terms are used interchangeably and have the same meaning. In 31 C. J., Income, § 6, it is said:

"Gross Income. A term whose construction and meaning depend upon the context and subject matter; the entire amount that the use of the principal

yields; the total receipts from a business before deducting expenditures for any purposes. As applied to a partnership, the entire profit arising from the conduct of the business. It may be equivalent to 'gross proceeds' or 'gross receipts.' However, the words 'gross income' may not mean 'gross receipts.' "

Tuller, in his work on "The Taxing Power", page 360, says the terms gross receipts and gross income have the same meaning. As said in Cooley on Tax (4th ed.) § 893:

" 'Gross income,' 'gross proceeds' and 'gross receipts' all mean the same, it has been held, although 'gross earnings' are sometimes distinguished from 'gross receipts.' "

In Arizona, under its excise revenue act, § 73-1302, A. C. A., 1939, "Gross income means the gross receipts of taxpayer derived from trade, business * * *." However, Mertens in "Law of Federal Income Taxation", Vol. I, § 5.10, says the terms are not synonymous and that "gross receipts" is a broader term than "gross income", citing in support of the text the above decisions of the United States Supreme Court holding that the terms are not synonymous. However, the decisions have slight relevancy to the precise question under consideration.

■ Having in mind that the amount of the excise tax which the corporation pays depends upon its net income and that "income" implies a gain or profit, we think the term "gross receipts", as used in the act, should not be given a strict or literal construction, but rather one which is consonant with the purpose and spirit of the excise tax law, and that such term includes all receipts within the classification of "income". It does not include the proceeds of the con-

version of capital assets, without gain, as in the instant case.

If the sale of the real property had not been made, the plaintiff corporation admittedly would have been entitled to the exemption. Can it be that the legislature, in making the amendment in 1933, intended to deprive a taxpayer of such relief because of a transaction resulting in loss? We think the legislature did not intend to impose upon a taxpayer an unjust burden of taxation. Counsel for the Commission, with commendable frankness, states in the appellant's brief: "There is an appealing equity in plaintiff's claim for exemption from the tax upon the facts presented." We think so, too.

██ We are unable to say with any degree of certainty what the legislature intended by changing the words "gross income" to "gross receipts". However, when a statute is reasonably susceptible of different construction—one of which leads to a harsh and absurd result—we think the court should adopt the construction sounding more in equity and justice. We are not unmindful of the secondary rule of construction that exemption provisions are to be construed strictly, *Title & Trust Co. v. Wharton,* 166 Or. 612, 114 P. (2d) 140, but such rule cannot control when the intention to grant the exemption is clearly expressed. As was well said by Mr. Justice Cardozo, speaking for the court in *Trotter v. Tennessee,* 290 U. S. 354, 78 L. Ed. 358, 54 S. Ct. 138:

"Exemptions from taxation are not to be enlarged by implication if doubts are nicely balanced. Chicago Theological Seminary v. Illinois, 188 U. S. 662, 674, 23 S. Ct. 386, 47 L. Ed. 641. On the other hand, they are not to be read so grudgingly as to thwart the purpose of the lawmakers."

■ We conclude that the term "gross receipts" as used in the act does not include, for income tax purposes, proceeds of capital conversions without gain. If the legislature, in making the amendment, intended a meaning contrary to the conclusion we have reached, it seems reasonable that the statute would have contained a definition of such term.

The decree of the circuit court is affirmed. Plaintiff is entitled to costs and disbursements.