

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JIN BEN SHEPPERD
ATTORNEY GENERAL

August 13, 1956

Honorable Tom Reavley
Secretary of State
State of Texas
Austin, Texas

Dear Mr. Reavley:

Opinion No. S-212

Re: Inclusion in gross re-
ceipts of proceeds from
the sale of corporate
capital assets for fran-
chise tax purposes under
Article 7084, V.C.S.

You request the opinion of this office on the following question:

"Gross receipts from business done is generally thought of as the receipts from business done in the conduct of its business as authorized by the charter. One notable example is 'the sale of goods, wares and merchandise'. A corporation will, of course, accumulate what is known as 'capital assets', such as furniture, fixtures, automobiles, machinery and even a building from which to conduct its business. Such assets are purchased with the accumulated cash on hand or by notes payable. The manner of purchasing, however, is immaterial.

"In time, the corporation might find it expedient to dispose of certain capital assets, either by an out-right sale or exchange for other capital assets of equal or higher value. It frequently happens that the sale price exactly equals the cash value as carried on the books. The entry to record the transaction would simply be to credit the capital assets account to write it off the books and to debit the cash account with a like amount. If the assets were sold for more than the book value, the excess would, presumably be credited to 'Other Income'. A loss would be charged against surplus.

"The question we should like answered is:

"Should the gross amount received in the sale of capital assets be included as 'gross receipts from bus-iness done' for franchise tax purposes?"

There are no Texas cases on this point, but it has been held in several cases in States other than Texas, that "gross receipts" means all receipts arising from, or growing out of,

employment of the corporation's capital in its designated business or otherwise. In State v. Central Trust Company, 106 Md. 268, 67 Atl. 267, 271 (1907), the court said:

"The courts of last resort in New York and Pennsylvania, in construing statutes quite similar to our own taxing the gross receipts of corporations of designated charters, have both held that by 'gross receipts' the statute meant all receipts arising from, or growing out of, employment of the corporation's capital in its designated business or otherwise." (Emphasis added.)

In 14 Fletcher Cyclopedia Corporations (Perm.Ed. 1945) Sec. 6953, p. 646, it is stated:

"A so-called franchise tax may be either (1) a property tax or (2) an excise tax. Generally, however, the term is used as meaning an excise, as distinguished from a property tax, imposed on franchises, and consisting of a more or less arbitrary sum having little or no connection with the actual value, although such a tax, even when an excise, is often measured, at least to some extent, by the amount of property or earnings of the corporation. ..." (Emphasis added.)

The franchise tax is not a tax upon the property of a corporation nor one upon its income. United North & South Development Co. v. Heath, Secretary of State, et al., 78 S.W.2d 650 (Tex.Civ.App. 1934, error ref.) As the franchise tax on corporations in Texas is not a property tax, it would be an excise tax.

The proceeds from a sale of capital assets by a corporation in Texas would not constitute gross receipts from business done in Texas as long as it did not realize a profit from the sale thereof. Of course, the profits, if any, would constitute "gross receipts".

In the absence of Texas cases, we quote from Corbett Investment Company v. State Tax Commission, 181 P.2d 130, 132, 133, 181 Or. 244 (1947) in which the Supreme Court of Oregon, in construing the term "gross receipts" said:

". . . It does not include the proceeds of the conversion of capital assets, without gain, as in the instant case."

## SUMMARY

The proceeds of a sale of capital assets, or the conversion of capital assets to cash, by a corporation, without gain, does not constitute 'gross receipts from its business done in Texas' under Article 7084, V.C.S.; profits from the sale of capital assets would constitute 'gross receipts'.

Yours very truly,

APPROVED:

W. V. Geppert
Taxation Division

Elbert M. Morrow
Reviewer

J. C. Davis, Jr.
Reviewer

Will D. Davis
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

HGS:cs

JOHN BEN SHEPPERD
Attorney General

By

Henry Gates Steen
Assistant