Submitted on petition for review October 10, petition for reconsideration denied by Court of Appeals October 11, motion to expedite allowed by Supreme Court October 12, petition for review denied October 19, 1978

BARNES et at, *Petitioners,*
*v.*
PAULUS et al, *Respondents.*
(No. 107216, CA 11918, SC 25850)
588 P2d 1084

Robert D. Durham, of Kulongoski, Heid, Durham & Drummonds, Eugene, for the petition.

James A. Redden, Attorney General, James W. Durham, Senior Chief Counsel, Department of Justice, Salem, and Charles D. Burt, of Brown, Burt & Swanson, P.C., Salem, contra.

PER CURIAM.

Lent, J., separate opinion in which Linde, J., joins.

## PER CURIAM.

Petitioners ask us to reverse a decision of the Court of Appeals which affirmed the circuit court's denial of relief against respondent Secretary of State with respect to an initiative measure proposed for the November 7, 1978, election. The facts and contentions are stated as follows in the Court of Appeals' opinion, 36 Or App 327, 588 P2d 1120 (1978):

"On January 20, 1978, defendant Jim D. Whittenburg filed a preliminary petition with the Secretary of State's office. This initiative petition, designed to limit property taxes, began with the following words:

" 'The Amendment.

" 'That this Article is added to the Constitution to read:

" 'Section 1.

" '* * * * *.'

"On February 7, 1978, the Attorney General prepared a ballot title for the measure, the beginning of which stated:

" 'LIMITATIONS ON AD VALOREM PROPERTY TAXES.

" 'Proposed constitutional amendment limits ad valorem real property taxes * * *.'

"In his letter transmitting the ballot title to Raymond Phelps, Assistant to the Secretary of State for Elections and Public Records, the Attorney General advised that there were several inconsistencies within the proposed initiative measure, that the petition should be amended to correct these inconsistencies, and that the changes could be made without altering the ballot title.

"On February 8, 1978, Phelps forwarded the ballot title to Whittenburg, along with a letter informing him that he could begin to print cover and signature sheets for the petition but that those documents were to be submitted to and approved by the Secretary of State's office prior to circulation for signatures. On February 22, 1978, Whittenburg filed a printed version of the initiative petition in the form of a cover sheet. At that time, Whittenburg left instructions with another representative of the Secretary of State's office, Sonya Lindly,

[ 83 ]

that she was to communicate any required changes directly to his printer. On February 27, 1978, Lindly telephoned Whittenburg's printer and explained in detail the changes that were necessary.

"On March 21, 1978, Whittenburg submitted another cover sheet in the hopes of obtaining approval of the petition for circulation. He reiterated his request that Lindly notify his printer of any further corrections to be made. In her review of the cover sheet, Lindly found that the printer had corrected only one of the five typographical errors pointed out earlier and again telephoned the printer to apprise her of that fact. What Lindly failed to notice, however, was that the phrase 'That this Article is added to the Constitution to read:' had been inadvertently omitted. On March 29, 1978, Whittenburg filed another version of the petition cover sheet, which, after comparison with the March 21 version, was approved for circulation despite the fact that the phrase in question was missing from this sheet as well.

"On June 30, 1978, Whittenburg presented to the Secretary of State signature sheets in support of the petition. None of the signatures counted as sufficient to place the measure on the ballot was gathered under a cover sheet containing the phrase 'That this Article is added to the Constitution to read:'.

"Plaintiffs, two registered voters, brought this action for declaratory and injunctive relief on behalf of themselves and all others similarly situated. They sought to enjoin defendant Paulus, in her official capacity as Secretary of State, from: (1) verifying and certifying that a sufficient number of signatures of qualified voters had been received by her office to place the initiative on the ballot as a proposed constitutional amendment; and (2) including the ballot title for the initiative on the official statewide ballot. The ballot title is all that appears on the election ballot. *See* ORS 254.070, 254.090. Thus, plaintiffs were actually attempting to prevent the initiative measure from appearing on the ballot. The trial court granted summary judgment denying injunctive relief, thereby ruling that the measure could be placed on the ballot for the November, 1978, general election.

"Plaintiffs urge that the omission of the phrase 'That this Article is added to the Constitution to read:' after

issuance of the ballot title renders invalid the initiative petition. They contend that under the circumstances present here, permitting the initiative measure to be placed on the ballot would violate the full-text requirement found in Art IV, § 1(2)(d) of the Oregon Constitution, the full-and-correct copy rule contained in ORS 254.030(1), and OAR 165-20-005."

Article IV, section 1(2)(d), of the Oregon Constitution, referred to above, provides:

"An initiative petition shall include the full text of the proposed law or amendment to the Constitution * * *."

The statutory and administrative provisions also referred to above are set forth in the margin.[1]

A petition for review calls upon the exercise of discretion in this court. See ORS 2.520; S Ct Rule Proc 10.05; *1000 Friends of Oregon v. Bd. of County Comm., Benton County,* 284 Or 41, 584 P2d 1371 (1978). The present petition raises the issue whether the process by which the measure is placed on the ballot complies with the requirements of Article IV. However, the election is only a few days in the future and the ballots have been printed. Absentee ballots and Voters' Pamphlets are already being mailed. The parties have not demonstrated that the issue must be decided now because it will not be foreclosed by the election if the measure should pass. Under the circumstances, there is reason to doubt whether at this late date any decision we might make on the relief requested by petitioners could serve a useful purpose. Accordingly, we deny the petition for review.

---

[1] ORS 254.030(1):

"* * * To every sheet of petitioners' signatures shall be attached a full and correct copy of the measure proposed by initiative petition * * *."

OAR 165-20-005:

"A copy of the cover and signature sheet must be submitted to the Secretary of State prior to circulation. The format will be reviewed and the text will be proofread. The text of the measure must be printed *exactly* as it was submitted when the preliminary petition was filed. When the sheets are determined to be correct, the petitioners will be authorized to circulate for signatures. * * *" (Emphasis in original.)

Because of the public importance that no unwarranted inferences be drawn from this action, we emphasize that we are expressing no opinion on the validity or invalidity of the proposed measure or the challenges made by petitioners to the manner of its submission. *See 1000 Friends of Oregon v. Bd. of County Comm., Benton County, supra.*

Petition for review denied.

**LENT, J.** (Separate opinion)

Petitioners' original complaint asserts three causes of suit. In the first it is contended that a variety of procedural errors have occurred in the preparation and approval of the initiative petition, the circulation thereof, and the proposal of Respondent Paulus to place the measure on the ballot. (At this writing some absentee ballots and voters' pamphlets containing the measure have already been mailed.) The second cause of suit contends that if the measure seeks change in the constitution, the change is by way of revision and not amendment; therefore, it cannot be submitted for failure to comply with the procedure for revision of the constitution. In the third cause it was contended that the measure embraces several, rather than only one, subjects and, consequently, is afoul of yet other constitutional provisions.

The petition for review challenges the decision of the Court of Appeals on two major grounds. In the first instance petitioners assert essentially that the Court of Appeals erred in failing to sustain their attack contained in the first cause of suit, and, in the second instance, that the Court of Appeals erred in rejecting their position as to the second cause of suit.

The prayer of the original complaint first asks for a declaration:

"That the court declare that the initiative petition was circulated in violation of the Oregon Constitution, Article IV, Section 1, ORS Chapter 254 and the Oregon Administrative Rules."

The prayer then asks for certain permanent injunctive relief to prevent the measure from appearing on the ballot. The prayer continues with a request for various forms of specific alternative equitable relief and for equitable relief generally.

I would grant immediate oral argument by the parties upon the question as to what practical and orderly relief could be granted by this court at this stage of the judicial proceedings and of the election proceedings. For the purpose of argument only, it would be assumed that the matters complained of in the first cause of suit are sufficient to support a declaration that the petition was circulated in violation of the constitution and applicable statutes and administrative rules. I would neither grant the petition for review nor hear oral argument as to any possible issues raised by the pleadings as to the *substantive* validity of the measure if approved by the people in the forthcoming election. That type of challenge, if any, must await the outcome of the election.

With the exception of my preference for the allowance of oral argument as explained above, I agree in substance with the opinion of the court for the reasons therein stated.

Linde, J., joins in this separate opinion.