Argued and submitted March 3, reversed and remanded March 31, 1981

OREGON BUSINESS PLANNING COUNCIL,
*Respondent,*

*v.*

DEPARTMENT OF LAND CONSERVATION
AND DEVELOPMENT,
*Petitioner.*

(CA 16617, SC 27512)

RIVIERA MOTORS, INC.,
*Respondent,*

*v.*

LAND CONSERVATION AND DEVELOPMENT
COMMISSION,
*Petitioner.*

(CA 17091, SC 27512)

1000 FRIENDS OF OREGON,
*Respondent,*

*v.*

LAND CONSERVATION AND DEVELOPMENT
COMMISSION et al,
*Petitioners.*

(CA 17093, SC 27512)

OREGON BUSINESS PLANNING COUNCIL,
*Respondent,*

*v.*

DEPARTMENT OF LAND CONSERVATION
AND DEVELOPMENT,
*Petitioner.*

(CA 17502, SC 27512)

1000 FRIENDS OF OREGON,
*Respondent,*

*v.*

LAND CONSERVATION AND DEVELOPMENT
COMMISSION et al,
Petitioner.

(CA 18488, SC 27512)

Cases Consolidated for Review

626 P2d 350

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for petitioners. With her on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Kevin L. Hanway, Portland, filed a brief for respondent Oregon Business Planning Council.

Diane W. Spies, Portland, argued the cause and filed the brief for respondent Reviera Motors, Inc.

Robert E. Stacey, Jr., Portland, argued the cause and filed the brief for respondent 1000 Friends of Oregon.

Terry D. Morgan, Morgan & Shonkwiler, P.C., Portland, filed a brief as Parties Amicus.

TONGUE, J.

## TONGUE, J.

These five consolidated cases all involve appeals to the Court of Appeals from orders by the Land Conservation and Development Commission (LCDC), "acknowledging" various local government land use plans to be in compliance with statewide planning goals, pursuant to ORS 197.251.[1] LCDC moved to dismiss the appeals. The Court of Appeals denied that motion. 49 Or App 153, 619 P2d 1291, 49 Or App 150, 619 P2d 1299, 49 Or App 151, 619 P2d 1300 (1980). By its opinion stating the reasons for doing so, that court held that proceedings before LCDC for the "acknowledgment" of local land use plans are "contested cases" subject to judicial review by it under provisions of the Administrative Procedure Act (APA), ORS 183.482,[2] and that such "acknowledgement" proceedings are not a form of "rule making" subject to more limited judicial review under other APA provisions (ORS 183.400), as had been contended by LCDC.[3]

A petition for review was then filed by LCDC contending: (1) that "acknowledgment orders" should not be subject to judicial review as are "contested case" orders, and (2) that "if 'acknowledgment' is an 'order' it is an 'order in other than a contested case'" and, as such, is subject only to review in the circuit court under ORS 183.484.[4] Because of the importance of the nature and scope of judicial review of proceedings before LCDC for "acknowledgment" of local land use plans, we allowed that petition for review.[5]

---

[1] The provisions of ORS 197.251(1) are set forth below on p. 746.

[2] The provisions of ORS 183.482 are set forth below on p. 746-47.

[3] The provisions of ORS 183.400 are set forth below on p. 750.

[4] The provisions of ORS 183.484 are set forth below on p. 752.

[5] Prior to oral argument in this court, we requested that such argument be addressed to a number of specific questions, including the question whether, because the Court of Appeals denied the motion to dismiss the appeal, but has not proceeded to the merits of the appeal, these cases are properly before this court from a "decision" of the Court of Appeals under ORS 2.520.

ORS 2.520 provides:

"Any party aggrieved by a decision of the Court of Appeals may petition the Supreme Court for review within 30 days after the date of the decision, in such manner as provided by rules of the Supreme Court."

The Court of Appeals stated in its opinion that:

"* * * either contested case review or rulemaking review of an acknowledgment decision seems like trying to put a round peg into a square hole. We nevertheless conclude that the stronger indications are that the legislature more likely intended contested case review of acknowledgment decisions." 49 Or App at 160.

It appears, however, that in reaching that conclusion the Court of Appeals was under the impression that proceedings under ORS 197.251 before LCDC for "acknowledgment" of local government land use plans must be *either* "contested case" proceedings, subject to review under ORS 183.482, or a form of "rule making," subject to more limited review under ORS 183.400. This is evident from the following statements by that court:

"The APA classifies all administrative procedures as rulemaking or contested cases.
"* * * * *

"Regardless of the extent of LCDC's discretion to tailor acknowledgment procedures to its unique situation, there is no room for flexibility when it comes to judicial review. Under the APA as it is now written, *this court has no choice* but to review under the broader contested case

---

In *Tjernlund v. Tjernlund,* 275 Or 483, 551 P2d 445 (1976), we denied a petition for review of an order by the Court of Appeals denying defendant's motion to dismiss the appeal in that case, holding that such action by that court was "not a *decision* because it is not a final disposition of the case by the Court of Appeals."

*Tjernlund* involved an appeal in a domestic relations case. There are good reasons why this court should not allow a petition for review of an order by the Court of Appeals denying, without opinion, a motion to dismiss an appeal in such a case, wholly apart from the fact that such an order is not a "final disposition" of such a case.

In this case, however, the Court of Appeals not only did not deny the motions to dismiss without an opinion, but denied them by an opinion which undertook to *decide* important questions relating to the scope of review of LCDC orders "acknowledging" local comprehensive land use plans to be in compliance with LCDC statewide planning goals. We have previously held that a petition for review calls upon the exercise of discretion by this court. *Barnes v. Paulus,* 284 Or 81, 85, 588 P2d 1084 (1978), and that the primary factor to be considered in the exercise of such discretion in a given case is whether the case presents an issue of public importance. *1000 Friends of Oregon v. Bd. of Co. Comm.,* 284 Or 41, 44-45, 584 P2d 1371 (1978).

We hold that this case presents such an issue and that this decision by the Court of Appeals was a "decision" which is subject to review by this court under the provisions of ORS 2.520. Our previous decision in *Tjernlund* is overruled to the extent that it is inconsistent with this holding.

standard (which includes substantial evidence review) *or* under the narrower rulemaking standard (which does not include substantial evidence review)." (Emphasis added) 49 Or App at 159-160.

This overlooks the important fact that the Administrative Procedure Act (ORS Ch. 183) includes not only provisions for judicial review by the Court of Appeals of "contested cases" (ORS 183.482) and for "judicial determination of [the] validity of [a] rule" by the Court of Appeals (ORS 183.400), but expressly provides also for judicial review by the circuit court of "orders other than contested cases" (ORS 183.484).

■ Based upon our examination of the various relevant statutes, we conclude that the Court of Appeals was correct insofar as it recognized that "either contested case review or rule making review of an acknowledgment decision seems like trying to put a square peg into a round hole," but that it was incorrect in its holding that LCDC acknowledgment orders are nevertheless subject to judicial review by that court as "contested cases." Instead, we conclude that such LCDC acknowledgment orders are neither "contested case" orders nor "rules" for purposes of judicial review and can only be properly classified as "orders other than contested cases," subject to judicial review by the circuit court.

It may well be that the present statutory scheme for review of LCDC acknowledgment orders is defective and that there are good reasons why judicial review of such orders by the Court of Appeals would be better than judicial review by the circuit court. We believe, however, that this problem is of such a nature as to require that its resolution be addressed to the Oregon legislature, rather than to ask this court to engage in "judicial legislation." Because the Oregon legislature is now in session and thus able to resolve this problem promptly, we have expedited our decision of this case, despite the fact that in doing so we must state the reasons for our decision in less depth and detail than might otherwise be more appropriate.

The problem presented for decision arises as a result of the provisions of various statutes. ORS 197.250 provides that all comprehensive land use plans adopted by

cities and counties shall be in conformity with statewide land use planning goals adopted by LCDC. It is then provided by ORS 197.251 that:

"Upon request by a city or county the commission may grant:

"(1) A compliance acknowledgment which shall be an official order of the commission formally recognizing that the comprehensive plans or zoning, subdivision or other ordinances or regulations adopted by the city or county are in compliance with the state-wide planning goals. The commission shall evaluate the plan and ordinances and either grant or deny the request within 90 days of the date the request was received by the commission unless the commission finds that due to extenuating circumstances a specified period of time greater than 90 days is required to take action on a request for a compliance acknowledgment. The commission's order granting or denying a request for compliance acknowledgment shall include a clear statement of findings which set forth the basis for the approval or denial of the request. * * *"

LCDC is a state administrative agency whose orders are subject to judicial review under provisions of the Administrative Procedure Act (APA). ORS 183.480. As previously stated, the question to be decided is what provisions of that act control judicial review of LCDC orders in "acknowledgment proceedings" under ORS 197.251.

1. *LCDC "acknowledgment proceedings" are not "contested cases" within the requirements of ORS 183.310(2) and 183.482.*

It is contended by most of the parties to these consolidated cases other than LCDC that LCDC "acknowledgment proceedings" are "contested cases" for the purposes of judicial review within the meaning of the provisions of the APA as set forth in ORS 183.310(2) and 183.482.

ORS 183.482 provides that:

"(1) Jurisdiction for judicial review of contested cases is conferred upon the Court of Appeals. * * *"

The term "contested case" is defined by ORS 183.310(2)(a) as follows:

" 'Contested case' means a proceeding before an agency:

"(A)   In which the individual legal rights, duties or privileges of *specific parties* are *required by statute* or Constitution to be determined only *after an agency hearing* at which such specific parties are *entitled to appear* and be heard;

"* * * * *

"(D)   Where the agency by rule or order provides for hearings *substantially of the character* required by ORS 183.415, 183.425, 183.450, 183.460 and 183.470." (Emphasis added)

The Court of Appeals first considered the question whether an LCDC "acknowledgment proceeding" under ORS 197.251 is a "contested case" as defined in subsection (D) of ORS 183.310(2)(a) as a proceeding before an agency "[w]here the agency by rule or order provides for hearings substantially of the character required by ORS 183.415, 183.425, 183.450, 183.460 and 183.470." 49 Or App at 164. It properly concluded that "acknowledgment proceedings" do not satisfy the requirements of subsection (D) because those statutory procedures include the opportunity for discovery, subpoenas, sworn testimony and cross-examination, none of which is provided by LCDC procedural rules for "acknowledgment proceedings."

The Court of Appeals then considered the question whether an LCDC "acknowledgment proceeding" is a "contested case" as defined in subsection (A) of ORS 183.310(2)(a) as a proceeding before an agency "[i]n which the individual legal rights, duties or privileges of specific parties are required *by statute* or constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard." 49 Or App at 164.

As correctly noted by the Court of Appeals (49 Or App at 164-65):

"* * * the acknowledgment statute, ORS 197.251, does not expressly provide that there are specific parties to an acknowledgment proceeding or that there is any right to be heard."

The Court of Appeals went on to state, however, that it "lean(ed) to the view that implicit in ORS 197.251 is a statutory right for local governments to be heard by

LCDC on their acknowledgment requests," but then concluded (at 165) that "we need not and do not here resolve that question." Thus, that court did not hold that an LCDC "acknowledgment proceeding" is a "contested case" within the definition of ORS 183.310(2)(a)(A).

As previously noted, under the provisions of ORS 183.310(2)(a)(A), there must be a *statute* or constitutional provision which requires that the rights, duties and privileges of *specific parties* be determined at a *hearing* at which such specific parties are "entitled to *appear and be heard.*" The provisions of ORS 197.251, however, require only that upon the submission of a comprehensive plan for "acknowledgment" LCDC "shall *evaluate* the plan * * * and either grant or deny the request" by an order which shall "include a clear statement of findings which set forth the basis for the approval or denial of the request." That statute does not *require* that such an "evaluation" can be made only after a *hearing* at which the local government is *entitled* to appear and be heard, much less after a hearing at which parties having objections to a comprehensive plan are entitled to appear and be heard.

Indeed, because the statute does not even provide for a *hearing,* it can hardly be contended that any "party," whether the local government submitting the plan for approval or "parties" who object to the plan, has a *right by statute* to appear and be heard at a *"hearing* at which such specific parties are *entitled* to appear and to be heard," as necessary to satisfy the requirements of subsection (D). Also, LCDC contends that in "evaluating" a comprehensive plan it may consider facts which do not appear either in the plan submitted for "evaluation" or in the documents submitted by a local government in support of such a plan - with the result that LCDC "evaluates" comprehensive plans by a procedure inconsistent with one involving a "hearing."

Furthermore, it appears from ORS 197.320(3), which expressly provides that cities or counties affected by LCDC orders in enforcement proceedings "may request a hearing to contest the order," that the legislature knows how to draft statutes so as to provide for hearings at which parties "are entitled to appear and be heard" when so intended by the legislature.

■ For these reasons, we conclude that the provisions of ORS 197.251 do not "require" that the rights of either a local government whose comprehensive plan has been submitted for LCDC "acknowledgment" or persons who have objections to the "acknowledgment" of such a plan are to be "determined only after an agency hearing (before LCDC) at which such specific parties are entitled to be heard," as required by the provisions of subsection (A) of ORS 183.310(2)(a). It follows, in our opinion, that "acknowledgment" proceedings are not "contested cases" as defined by subsection (A) of that statute.

In support of its holding that LCDC "acknowledgment" proceedings are subject to review by it as "contested cases," the Court of Appeals also states that the question is one of legislative intent. 49 Or App at 160. It then finds that the "strongest indication of legislative intent" arises from the fact that the legislature has by ORS 197.320(3) expressly provided that "enforcement" orders shall be reviewed as contested cases and also expressly provided by Oregon Laws 1979, Ch. 772, that the Court of Appeals shall review decisions of the Land Use Board of Appeals for substantial evidence. 49 Or App at 162-63. That court then concludes that "despite legislative silence, * * * the more likely intended scope of review in appeals from acknowledgment and denial orders also would include the possibility of substantial evidence review," as in a "contested case" under ORS 183.482(8)(c). 49 Or App at 164.

■ We do not agree with that reasoning. Ordinarily, when the legislature includes an express provision in one statute, but omits such a provision in another statute, it may be inferred that such an omission was deliberate. Again, however, that logic by the Court of Appeals is based upon its mistaken assumption that it had "no choice" but to review the acknowledgment orders in these cases either as "contested cases" or as a form of "rule making." As previously noted, however, that assumption overlooks the fact that the APA also provides for a third category of orders by administrative agencies for purposes of judicial review - "orders other than contested cases" - and has expressly provided for judicial review of such orders by the circuit court, rather than by the Court of Appeals.

2. *LCDC "acknowledgment proceedings" are not a form of "rule making" within the meaning of ORS 183.400 and 183.310(7).*

It is contended by LCDC that proceedings before it for "acknowledgment" that local comprehensive plans conform with LCDC statewide planning goals are a form of "rule making" subject to the more limited review by the Court of Appeals under ORS 183.400(1) and 183.310(7).

ORS 183.400(1) provides that:

"The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court."

ORS 183.310(7) defines the term "rule" as follows:

" 'Rule' means any agency directive, standard, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency. * * *"

In support of its position that "acknowledgment proceedings" are a form of "rule making," LCDC contends that such proceedings are "legislative" in nature, rather than "adjudicative," as those terms have been described by this court in *Strawberry Hill 4 Wheelers v. Board of Commissioners,* 287 Or 591, 601 P2d 769 (1980); that the purpose of such proceedings is to allow LCDC to apply its statewide planning goals to local comprehensive plans and that this can best be done "in a legislative setting," rather than in a "contested case" hearing, and where LCDC "may make its decision based on factors outside a record produced in accordance with formal rules of evidence."

It should first be noted that our decision in *Strawberry Hill* involved a quite different question. The question presented for decision in that case was the interpretation of the writ of review statute, ORS 34.010 - 34.100, as applied

to proceedings by a county. The discussion of the differences between "legislative" and "judicial" in that context is not controlling in a case involving a state agency subject to the Administrative Procedure Act, which includes its own definitions of "rules" and "contested cases," as well as provisions for judicial review.

The question to be decided in this case is whether "orders" issued by LCDC which "acknowledge" local comprehensive plans to be in conformity with LCDC statewide planning goals, based upon proceedings pursuant to ORS 197.251, are "rules" as defined by the APA and as provided by ORS 183.310(7). We agree with the Court of Appeals in rejecting that contention by LCDC.

First, as noted by the Court of Appeals, a "compliance acknowledgment" is referred to by the terms of ORS 197.251 as "an official order" of the commission based upon "findings," rather than as a "rule." 49 Or App at 160.

Next, as also noted by the Court of Appeals, LCDC apparently does not publish notice of intended "acknowledgment orders" in the Administrative Rules Bulletin and does not file such orders with the Secretary of State, as would be required by the provisions of ORS 183.355(1)(a) and (b) and 183.360(3) if such orders were "rules." 49 Or App at 158-59.

Finally, as noted by the Court of Appeals, if LCDC orders "acknowledging" local comprehensive plans to be in conformity with LCDC statewide planning goals were held to be "rules" as defined by ORS 183.310(7), such "rules" could be amended or repealed at any time, as provided by ORS 183.390, thereby defeating the need for stability, if not finality, which is one of the essential purposes of the entire legislative scheme for statewide land use planning. 49 Or App at 167.

For these reasons, we reject the contention by LCDC that a proceeding for the "acknowledgment" of a local comprehensive plan is a form of "rule making" subject to the more limited judicial review by the Court of Appeals under ORS 183.400.

3. *An LCDC "acknowledgment order" is subject to judicial review as an "order other than a contested case," under ORS 183.484.*

■ As previously stated, we disagree with the apparent conclusion by the Court of Appeals that if an "acknowledgment" proceeding is not a "contested case" within the requirements of that term, as defined by ORS 183.310(2), and if an LCDC "acknowledgment order" is not a "rule" within the terms of ORS 183.400, there are no other procedures available under which such orders may be subject to judicial review.

ORS 183.484(1) provides as follows:

"Jurisdiction for judicial review of *orders other than contested cases* is conferred upon the Circuit Court for Marion County and upon the circuit court for the county in which the petitioner resides or has a principal business office. Proceedings for review under this section shall be instituted by filing a petition in the Circuit Court for Marion County or the circuit court for the county in which the petitioner resides or has a principal business office." (Emphasis added)

It may be that judicial review of LCDC "acknowledgment orders" by the circuit court is not as expeditious as judicial review of such orders by the Court of Appeals. Nevertheless, the legislature has provided by ORS 183.484 a third category of orders by state agencies for purposes of judicial review by providing a procedure by which "orders other than contested cases" may be subject to judicial review. For the reasons previously stated, we hold that unless and until the legislature provides for judicial review of LCDC acknowledgment orders in some other manner, the provisions for judicial review as provided by ORS 183.484 for "orders other than contested cases" are the exclusive provisions for judicial review of LCDC orders under ORS 197.251, acknowledging local comprehensive plans to be in compliance with LCDC statewide planning goals.

It follows that the Court of Appeals erred in denying the motion of LCDC to dismiss the appeals to that court in these consolidated cases.

Reversed and remanded to the Court of Appeals.