Phillippe and Bonnie GIRARDET,
dba Girardet Wine Cellars

*v.*

DEPARTMENT OF REVENUE
*and*
DOUGLAS COUNTY ASSESSOR,
*Intervenor*
(TC 3510)

David L. Canary, Garvey, Schubert & Barer, Portland, represented plaintiffs.

James J. McLaughlin, Assistant Attorney General, Department of Justice, represented defendant.

Paul Meyer, Assistant County Counsel for Douglas County, Roseburg, represented intervenor.

Decision for plaintiffs rendered February 9, 1994.

**CARL N. BYERS, Judge.**

This matter is before the court on cross motions for summary judgment. Plaintiffs contend that the land under their winery qualifies for special farm use assessment.

Defendant and intervenor contend that wineries are non-farm use.

The parties have stipulated to the facts.[1] Plaintiffs own 54 acres in an exclusive farm use (EFU) zone, of which 18 acres comprise the vineyard. The land in question is approximately one-half acre in size and is surrounded by the vineyard. The winery building has about 10,072 square feet and contains equipment for crushing and fermenting grapes, storage tanks, bottles and barrels, a small laboratory, a tasting room and wash rooms. The vineyard has the potential for producing 72 tons of grapes which can be processed into about 9,000 to 14,000 gallons of wine. Because the winery has a total production capacity of 25,000 gallons, it can and does use grapes from other vineyards.

ORS 308.370 provides for special assessment of land located within a farm use zone "which is used exclusively for farm use as defined in ORS 215.203(2)."[2] ORS 215.203(2) provides:

"(a) As used in this section, 'farm use' means the current employment of land for the primary purpose of obtaining a profit in money by raising, harvesting and selling crops or the feeding, breeding, management and sale of, or the produce of, livestock, poultry, fur-bearing animals or honeybees or for dairying and the sale of dairy products or any other agricultural or horticultural use or animal husbandry or any combination thereof. 'Farm use' includes the preparation and storage of the products raised on such land for human use and animal use and disposal by marketing or otherwise. 'Farm use' also includes the propagation, cultivation, maintenance and harvesting of aquatic species. It does not include the use of land subject to the provisions of ORS chapter 321, except land used exclusively for growing cultured Christmas trees as defined in subsection (3) of this section or land described in ORS 321.267(1)(e) or 321.415(5).

"(b) 'Current employment' of land for farm use includes:
"* * * * *

"(F) Land under buildings supporting accepted farm practices; * * *."

---

[1] The parties rely upon the Stipulation of Facts submitted to the Department of Revenue for the administrative hearing.

[2] All citations to Oregon Revised Statutes are to the 1991 Replacement Part.

The legislature apparently recognized that some types of agriculture require more than a barn or silo to store the agricultural product. For example, an orchardist may need to be able to process fruit on his property to the extent of washing, sorting, coating with wax, and packaging. In making the distinction, the legislature has reasonably looked to the usual practices of each industry. The legislature has expressed this approach in ORS 215.203(2)(c), which provides:

"As used in this subsection, 'accepted farming practice' means a mode of operation that is common to farms of a similar nature, necessary for the operation of such farms to obtain a profit in money, and customarily utilized in conjunction with farm use."

In *Sokol Blosser Winery v. Dept. of Rev.*, 8 OTR 196 (1979), this court construed the quoted language. Applying Oregon's long-established statutory rule of strict construction with regard to exemptions (*see Hibernian Benevolent Society v. Kelly*, 29 Or 173, 196, 42 P 3, 6 (1895); *Corbett Inves't Co. v. State Tax Com.*, 181 Or 244, 250, 181 P2d 130, 132 (1947)), this court held that converting grapes to wine was not a farm use. That decision found a legislative intent to preserve land used to produce natural products, but not land used to produce new products "via processing." 8 OTR at 200. Thus, the land beneath a winery was not entitled to farm use assessment. *Id.*

Plaintiffs contend that *Sokol Blosser* has been implicitly overruled by *Craven v. Jackson County*, 308 Or 281, 779 P2d 1011 (1989). In that case, construing ORS 215.203(2)(c), the court stated:

"Fermentation of grapes grown and sale of wine on site represent an accepted farming practice as defined. Wineries, which process the yield of vineyards, and tasting rooms, which accompany the winery to promote its product, are 'accepted farming practices' because they are 'customarily utilized in conjunction with' vineyards. Those uses are included within an EFU zone." *Id.* at 285.

Defendant and intervenor contend that *Craven* is not controlling because it was a zoning case and not for

taxation purposes. They argue that the above language is merely *dicta*.[3]

It is not helpful to look at other statutes for guidance. ORS 215.213 and ORS 215.283 provide for specific uses in EFU zones. Both statutes divide the specific uses into two categories, unconditional uses and conditional uses. While some of the unconditional uses are clearly nonfarm uses, such as churches and schools, others are typically considered a farm use. ORS 215.213(f). The conditional uses are likewise a mixture of farm and nonfarm uses within the common meaning of those words.

■ In reviewing the statutes, particularly past legislative changes, it is clear the legislature has given mixed signals. The distinction between farm and nonfarm uses are not respected in either category or terminology. Reasoning would indicate that if a specific use is a farm use, it would not require listing as an approved or conditional use. Nevertheless, barns and silos are specifically listed. ORS 215.213(1)(f). Also, the statutes are not consistent in their terminology. Although ORS 215.213(2) does not characterize the conditional uses, ORS 215.283(2) does characterize them as "nonfarm uses." In summary, while these statutes indicate what uses are possible in an EFU zone, they do not provide a clear basis for inferring the uses that are considered "farm use" as opposed to "nonfarm use."

■ The court finds that the subject land qualifies for farm use. The building on the land qualifies as "a winery, as described in ORS 215.452." ORS 215.213(1)(t). In *Craven v. Jackson County*, the Oregon Supreme Court directly construed the very provision at issue here. The court there stated:

> "Because a young vineyard is a farm use under ORS 215.203, a winery building, of the character and dimensions 'customarily provided' as an integral part of the agricultural operations constituting that farm use, qualifies under ORS 215.213(1)(f) as acceptable use within an EFU zone and may be constructed even before any grapes grown on the site mature." *Id.* at 286.

---

[3] The issue before the court was whether the winery and related retail activity were lawful conditional uses in an EFU zone under ORS 215.283(2)(a).

In short, the Oregon Supreme Court found that a winery for a vineyard is no different than a barn for an alfalfa grower or a storage shed for an onion farmer. Although *Craven* is a land use case, it addresses the very issue upon which special farm use assessment is conditioned. *Sokol Blosser Winery v. Dept. of Rev.* is overruled. Now, therefore,

IT IS ORDERED that plaintiffs' Motion for Summary Judgment is granted; and

IT IS FURTHER ORDERED intervenor's Motion for Summary Judgment is denied.