IN THE TAX COURT OF THE
STATE OF OREGON

KING ESTATE WINERY, INC.,
an Oregon corporation

*v.*

DEPARTMENT OF REVENUE

(TC 3939)

David L. Canary, Garvey, Schubert & Barer, Portland, represented plaintiff (taxpayer).

Joseph A. Laronge, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered April 3, 1997.

## CARL N. BYERS, Judge.

Plaintiff (taxpayer) appeals the denial of a property tax exemption for 1994-95, for personal property used in taxpayer's winery. Taxpayer contends that the property is exempt under ORS 307.400 as farm machinery and equipment. The matter has been submitted to the court on taxpayer's Motion for Summary Judgment and defendant's response.

### FACTS

King Estate Winery and King Estate Vineyards are owned by Edward J. King, Jr., and managed by the same officers and directors in an integrated operation. Grapes grown in the King Estate Vineyards and grapes from surrounding vineyards are processed by the winery into wine. The vineyard and the winery are adjacent to each other and located in an exclusive farm use (EFU) zone in Lane County.

The winery building, containing approximately 110,000 square feet, houses a crush pad and equipment used for stemming, crushing, fermenting, storing, and bottling the wine. There is also a laboratory for analysis, a dining room, and guest facilities. The dining room and guest rooms, like the tasting room, are used to entertain guests and clients to promote the sale of the wine.

The tangible personal property in question falls into different classes. Class 6 property consists of barrels, racks, rollers, bungs, staves, portable roto dumps, fume hoods, hoses, fittings, pumps, valves, tanks, seals, washers, and other moveable equipment used to stem and crush the grapes, filter the juice, and ferment and store the wine. Class 9 property consists of furniture and furnishings in the dining room and guest rooms, including bookcases, tables, china, silverware, and chairs. Class 12/14 property consists of computer equipment and related equipment used for making wine, keeping fermentation records, inventory control, sales, accounting, and bookkeeping. Class 15 property consists of

rolling stock such as fork lifts, scissor lifts, and an electric generator. Finally, there are materials and supplies constituting both inventory and noninventory items.

ORS 307.400(3)[1] exempts certain tangible personal property defined as "inventory" from taxation. "Inventory" includes:

"(a)  Farm machinery and equipment used primarily in the preparation of land, planting, raising, cultivating, irrigating, harvesting or placing in storage of farm crops; or

"(b)  Farm machinery and equipment used primarily for the purpose of feeding, breeding, management and sale of, or the produce of, livestock, poultry, fur-bearing animals or bees or for dairying and the sale of dairy products; or

"(c)  Farm machinery and equipment used primarily in any other agricultural or horticultural use or animal husbandry or any combination thereof[.]"

Inventory also includes tangible personal property unrelated to farming which is stock in trade held for sale in the ordinary course of business. ORS 307.400(3)(f).

## ISSUE

Is tangible personal property used in a winery "farm machinery and equipment" within the meaning of ORS 307.400?

## ANALYSIS

■       The statutes do not define farm machinery and equipment. However, ORS 215.203, relating to zoning, defines what constitutes "farm use" of land within an EFU zone. This definition is incorporated by reference in ORS 308.345 and ORS 308.370 relating to the special assessment of land as farmland. In *Anadromous, Inc. v. Dept. of Rev.*, 11 OTR 272 (1989), this court held that the legislature intended special assessment of farmland to be consistent with the exemption of farm machinery and equipment. That is, if land qualifies for special farm use assessment under the definition in ORS 215.203, then machinery and equipment utilized in

---

[1] All references to the Oregon Revised Statutes are to 1993.

that particular qualifying activity will constitute farm machinery and equipment for purposes of ORS 307.400.

Both parties acknowledge that vineyards qualify as farm use. The question presented here is whether a winery and wine-tasting rooms are farm use. In *Girardet v. Dept. of Rev.*, 13 OTR 44 (1994), this court held that a winery is in the same relationship to a vineyard as a barn is to an alfalfa farm or a storage shed to an onion farm. In so holding, the court relied upon *Craven v. Jackson County*, 308 Or 281, 779 P2d 1011 (1989). In that case, the Oregon Supreme Court was asked to decide whether a proposed winery and accompanying retail activity was a lawful conditional use in an EFU zone. In examining the statute that defines farm use for EFU zones, the court stated:

> "By statute, farm use means the current employment of land for the primary purpose of obtaining a profit in money by raising, harvesting, and selling crops, among other uses. ORS 215.203(2)(a). * * * 'Current employment' of land includes * * * '[l]and under buildings supporting accepted farm practices.' ORS 215.203(2)(b)(F). * * *

> "Fermentation of grapes grown and sale of wine on site represent an accepted farming practice as defined. Wineries, which process the yield of vineyards, and tasting rooms, which accompany the winery to promote its product, are 'accepted farming practices' because they are 'customarily utilized in conjunction with' vineyards. Those uses are included within an EFU zone." *Id.*, 308 Or at 285.

Although the Supreme Court's analysis is unqualified, this court is now persuaded that it no longer represents the law. Moreover, upon further analysis, this court acknowledges that *Girardet* went too far and must be overruled.

■ The guiding principle in statutory construction is always legislative intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). In attempting to discern legislative intent with regard to what constitutes farm use, it is necessary to consider the context of the statute, *i.e.*, the relationship between ORS 215.203, which defines farm use and allows those uses outright within an EFU zone, and ORS 215.213 and ORS 215.283, which list permitted nonfarm uses and conditional uses within an EFU zone. The

problem, as noted in *Girardet*, is that there is general or overlapping language in both. Specifically, ORS 215.203(2)(b)(F) includes as farm use "[l]and under buildings supporting accepted farm practices." At the same time, ORS 215.213(1)(f) suggests that land under "[n]onresidential buildings customarily provided in conjunction with farm use" would be a permitted use within an EFU zone, but would not be an outright farm use. Likewise, ORS 215.283(1)(f) indicates that land under "[t]he dwellings and other buildings customarily provided in conjunction with farm use" is not farm use. Obviously, land under a building "customarily provided in conjunction with farm use," ORS 215.213(1)(f), will often be "under buildings supporting accepted farm practices," ORS 215.203(2)(b).

■       If a barn, silo or other farm-type building comes within the description of ORS 215.203, it qualifies as farm use and is allowed outright in an EFU zone. This is true even if it also comes within one of the general descriptions contained in ORS 215.213 or ORS 215.283. Hence, the general descriptions in ORS 215.213 and ORS 215.283 will control only in those factual situations where the building in question does not support accepted farm practices. This appears to be the basis for the Supreme Court's finding in *Craven* that a winery comes within the definition of an "accepted farm practice." A winery is a building "customarily provided in conjunction with" the farm use of growing wine grapes. Therefore, as the Supreme Court found, it qualified as farm use under ORS 215.203.

■       However, if a specific land use such as breeding of greyhounds or wineries is listed in ORS 215.213 or ORS 215.283 as a nonfarm use, it is indicative of the legislature's intent that such use is not considered farm use under the general description in ORS 215.203. The specific listing acts to remove it from qualifying as farm use even if it falls within the general language of ORS 215.203.

> "Ordinarily, when the legislature includes an express provision in one statute, but omits such a provision in another statute, it may be inferred that such an omission was deliberate." *Oregon Business Planning Council v. LCDC*, 290 Or 741, 749, 626 P2d 350 (1981).

■      In 1989, the Oregon Legislature specifically added wineries to the list of permitted and conditional uses in ORS 215.213 and ORS 215.283. Or Laws 1989, ch 525. In *Craven*, the Oregon Supreme Court construed ORS 215.213 and ORS 215.283 before those statutes specifically listed wineries. In a footnote, the court pointed out that the 1989 Legislature had enacted prospective legislation which listed a winery as a nonfarm or conditional use in ORS 215.213 and ORS 215.283. *Craven*, 308 Or at 286 n 3. Consequently, this court must conclude that if the Supreme Court were called upon to construe those statutes as amended, which includes the year in question, it would not find that a winery is a "building supporting accepted farm practices" under ORS 215.203. To do so would render the specific listing of wineries in ORS 215.213 and ORS 215.283 meaningless. It would also render ORS 215.452 meaningless.[2]

This court erred in *Girardet* by failing to carry the analysis to its conclusion. The court saw the overlapping general descriptions and relied upon *Craven* in concluding that a winery was a farm use. However, it failed to recognize that for the year in question, ORS 215.213 and ORS 215.283 specifically listed wineries and, therefore, the legislature intended to exclude them from the definition of farm use in ORS 215.203. *Girardet* is overruled.

---

[2] ORS 215.452(1) provides:

"A winery, authorized under ORS 215.213(1)(t) and 215.283(1)(r), is a facility that produces wine with a maximum annual production of:

"(a)  Less than 50,000 gallons and that:

"(A)  Owns an onsite vineyard of at least 15 acres;

"(B)  Owns a contiguous vineyard of at least 15 acres:

"(C)  Has a long-term contract for the purchase of all of the grapes from at least 15 acres of a vineyard contiguous to the winery; or

"(D)  Obtains grapes from any combination of subparagraph (A), (B) or (C) of this paragraph; or

"(b)  At least 50,000 gallons and no more than 100,000 gallons and that:

"(A)  Owns an onsite vineyard of at least 40 acres;

"(B)  Owns a contiguous vineyard of at least 40 acres;

"(C)  Has a long-term contract for the purchase of all of the grapes from at least 40 acres of a vineyard contiguous to the winery; or

"(D)  Obtains grapes from any combination of subparagraph (A), (B) or (C) of this paragraph."

The court concludes that the legislature did not intend a winery to be a farm use within the meaning of ORS 215.203. Accordingly, machinery and equipment utilized in a winery is not farm machinery and equipment and does not qualify for exemption from property taxes under ORS 307.400. It is possible that some of the subject tangible personal property may constitute "inventory" which is stock in trade or held primarily for sale in the course of business. That is a factual issue which is not presently before the court. Now, therefore,

IT IS ORDERED that plaintiff's Motion for Summary Judgment is denied.