## HAYDEN ISLAND, INC. *v.* DEPARTMENT OF ENVIRONMENTAL QUALITY

Ben Lombard, Jr., Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Oregon, represented plaintiff.

Arnold B. Silver, Assistant Attorney General, Portland, Oregon, represented defendant.

Defendant's demurrer sustained February 17, 1970.

EDWARD H. HOWELL, Judge.

The plaintiff filed a complaint in this court seeking certain relief against the Department of Environmental Quality.[1] The defendant has filed a demurrer

---

[1] The State Department of Environmental Quality was established by Or L 1969, ch 593, and in effect superseded the State Sanitary Authority, a division of the State Board of Health.

on the grounds that the Tax Court has no jurisdiction of the subject matter of the suit and that plaintiff's complaint is barred by the statute of limitations. The decision that this court does not have jurisdiction renders it unnecessary to decide the question of the statute of limitations.

The plaintiff alleges in its complaint that it is an Oregon corporation operating a sewage system and treatment works principally for the disposal of human wastes; that the system qualified as a pollution control facility as defined by Oregon law and was entitled to certification pursuant to ORS 449.605, *et seq*; that the defendant erroneously rejected its application for certification and that such rejection denied plaintiff certain tax relief under ORS 449.635 (4), ORS 317.072 and ORS 307.405.

The prayer of the complaint requests this court to set aside the rejection of the certification and to direct the defendant to certify plaintiff's sewage facility.

Under ORS 305.410 the Oregon Tax Court is the "sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact *arising under the tax laws* of this state." (Emphasis supplied.) The statute also lists various taxes which are declared not to be "tax laws of this state."

Chapter 449 of the Oregon Revised Statutes, the pertinent sections of which were amended by Or L 1969, chs 340, 593 and 608, relates to water and air pollution control. ORS 449.077 states that water pollution constitutes a menace to the public health and welfare and it is the policy of the state to provide for the prevention and control of water pollution. ORS 449.625 provides that any person may apply to the Department of Environmental Quality for certifica-

tion of a pollution control facility constructed by him. Under ORS 449.635 the department may certify the facility or reject the application. If the facility is certified the person receiving the certificate is entitled to tax relief under ORS 307.405 for ad valorem taxes, or ORS 316.480 for income taxes, or ORS 317.072 for corporate excise taxes.[9] If the application for certification is rejected "for any reason" the applicant "may appeal from the rejection as provided in ORS 449.090." The latter statute, prior to its amendment by Or L 1969, ch 593 and ch 608, read as follows:

"449.090. Appeals from orders of Sanitary Authority. Any person who deems himself aggrieved by any order of the Sanitary Authority, may appeal from such order or may bring separate action of suit in accordance with the provisions of ORS chapter 183. When a review in accordance with ORS chapter 183 is not maintainable, because the person aggrieved was not a party to the original proceeding, the order or determination of the authority and the validity or reasonableness of any order or determination of the authority may be reviewed by the court in a civil action for declaratory or injunctive relief or other suitable proceeding."

The provisions of ORS chapter 183 mentioned above relate to the administrative procedures of certain state agencies. ORS 183.480 provides for judicial review of decisions of state agencies in the circuit court for Marion County or the circuit court for the county in which the petitioner resides or has his principal business office.

■■ The plaintiff is not appealing to this court because of any dispute regarding taxes under ORS

---

[9] ORS 307.405, ORS 316.480 and ORS 317.072 were amended by Or L 1969, ch 340.

307.405, ORS 316.480 or ORS 317.072, which allow tax relief credit *after* certification of the facility by the Department of Environmental Quality. Until the plaintiff has a certificate from the department it is not entitled to any tax relief under the statutes mentioned. The plaintiff's complaint filed in this court is entitled: "Complaint for Certification of Sewage System and Treatment Works as a Pollution Control Facility" and the prayer asks this court to require the defendant to certify the plaintiff's sewage facility. This court does not have the authority to issue the certificate or to require the defendant to do so. Plaintiff's eligibility for certification from the Department of Environmental Quality does not present to this court a question of "law and fact arising under the tax laws of this state" as required by ORS 305.410, which establishes the jurisdiction of the Oregon Tax Court.

It is true that the denial of the certification by the defendant precludes plaintiff from the tax relief credit, but this is secondary to the primary problem of whether plaintiff's sewage system was entitled to be certified by the Department of Environmental Quality. That issue cannot be litigated in this court.

The defendant's demurrer must be sustained.