Argued and submitted April 7, affirmed May 12, 1971

## HAYDEN ISLAND, INC., *Appellant, v.*
## DEPARTMENT OF ENVIRONMENTAL
## QUALITY, *Respondent.*
484 P2d 1106

*Ben Lombard, Jr.*, Portland, argued the cause for appellant. With him on the briefs were Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

*Theodore W. deLooze*, Chief Tax Counsel, Department of Revenue, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before McAllister, Presiding Justice, and Denecke, Holman, Bryson and Schwab, Justices.

## PER CURIAM

This litigation arose when the plaintiff filed a complaint in the Oregon Tax Court alleging that it was an Oregon corporation operating a sewage treatment plant; that the system qualified as a pollution control facility and was entitled to certification pursuant to ORS 449.605 et seq; that defendant erroneously rejected plaintiff's application for certification and that such rejection denied plaintiff certain tax relief under ORS 449.635 (4), ORS 317.072 and ORS 307.405. The Tax Court sustained a demurrer to the complaint.

The question before us is whether jurisdiction to hear such an appeal lies in the Tax Court or in the circuit court. The opinion of the Tax Court, 4 OTR 69 (1970), adequately discusses this issue. It correctly holds that the provisions of the Administrative Procedures Act, ORS ch 183, apply and that sole jurisdiction to entertain plaintiff's appeal from the order of the Department of Environmental Quality rejecting certification is vested in the circuit court.[1]

Affirmed.

---

[1] The opinion of the Tax Court refers to the pertinent statutes as they existed prior to amendment by the 1969 legislature. The date of the order of the Department of Environmental Quality indicates that the 1969 amendments may be applicable. However, none of the 1969 amendments are pertinent to the issue before us.