Argued and submitted February 13, petition dismissed May 23, reconsideration denied June 29, petition for review denied September 18, 1984 (297 Or 824)

In the Matter of Pollution Control
Tax Relief Application No. T-1572 of

LINNTON PLYWOOD ASSOCIATION,
*Petitioner,*

*v.*

DEPARTMENT OF ENVIRONMENTAL QUALITY,
*Respondent.*

(T-1572; CA A27813)

681 P2d 1180

Arden E. Shenker, Portland, argued the cause for petitioner. On the briefs were Neale E. Creamer and Tooze Kerr Marshall & Shenker, Portland.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner Linnton Plywood Association (Linnton) seeks judicial review of an Environmental Quality Commission (EQC) order which denied Linnton's application for a solid waste pollution control facility tax credit certificate. The petition for judicial review is dismissed because we lack jurisdiction.

Linnton operates a plywood mill. In 1981, it decided to replace its drywood waste burner system and drywood waste preparation system with a new direct-fired wood heat system and an associated emission control scrubber system. It applied for and received a preliminary air pollution tax credit certificate pursuant to ORS 468.175. After construction was completed, it applied for a pollution control facility tax credit certificate. The Department of Environmental Quality (DEQ) recommended approval of an air quality tax credit certificate but recommended denial of a solid waste tax credit certificate. Linnton received a copy of DEQ report recommending denial and was told that EQC would consider DEQ's report at an upcoming meeting. Linnton was invited to present testimony at that time. It did provide testimony; however, EQC adopted DEQ's position and denied approval of a solid waste pollution control facility tax credit certificate. This petition for review followed.

■ ■ After petitioner filed its brief in this court, respondent moved to dismiss on the ground that this court lacked jurisdiction. We denied the motion but allowed respondent to renew it in the briefs and on oral argument. We now are convinced that we lack jurisdiction because the order appealed from was an order in other than a contested case and, therefore, jurisdiction lies in the circuit court, not here. ORS 183.484.

Under the APA, this court has jurisdiction for judicial review of contested cases. ORS 183.482(1). Jurisdiction for review of orders in *other than* contested cases is conferred on the circuit court. ORS 183.484(1).[1] ORS 183.310(2)(a) defines a "contested case" as an agency proceeding:

[1] If a party is dissatisfied after circuit court review, it may appeal to this court. ORS 183.500.

"(A)    In which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard;

"* * * * *

"(C)    For the suspension, revocation or refusal to renew or issue a license where the licensee or applicant for a license demands such a hearing; or

"(D)    Where the agency by rule or order provides for hearings substantially of the character required by ORS 183.415, 183.425, 183.450, 183.460 and 183.470."

Petitioner contends that the EQC proceeding satisfied the requirements of ORS 183.310(2)(a)(A), (C) or (D).

ORS 183.310(2)(a)(A) states that, for a proceeding to be a contested case, a *statute*[2] must require a hearing before the agency can decide an individual's legal rights or privileges. Here the relevant statute is ORS 468.170. Before its amendment by Or Laws 1983, ch 637, § 3, it provided, in part:

"(1)    The commission shall act on an application for certification before the 120th day after the filing of the application * * *.

"(2)    If the commission rejects an application for certification, or certifies a lesser actual cost of the facility or a lesser portion of the actual cost properly allocable to the prevention, control or reduction of air, water or noise pollution or solid waste, hazardous wastes or used oil than was claimed in the application for certification, the *commission shall cause written notice of its action, and a concise statement of the findings and reasons therefor,* to be sent by registered or certified mail to the applicant before the 120th day after the filing of the application. Failure of the commission to act constitutes rejection of the application.

"(3)    If the application is rejected for any reason, including the information furnished by the applicant as to the cost of the facility, or if the applicant is dissatisfied with the certification of actual cost or portion of the actual cost properly allocable to prevention, control or reduction of air, water or noise pollution or solid waste, hazardous wastes or

---

[2] We limit our review to the statutes, because petitioner has not argued that any constitutional provision requires a contested case hearing prior to the denial of a tax credit certificate.

used oil, the applicant may appeal from the rejection as provided in ORS 468.110. The rejection or the certification is final and conclusive on all parties unless the applicant takes an appeal therefrom as provided in ORS 468.110 before the 30th day after notice was mailed by the commission." (Emphasis supplied.)

There is no requirement in ORS 468.170(2) that the EQC must provide petitioner a hearing before rejecting an application for a tax credit certificate; the only requirement is that, if an application is rejected, then EQC must provide a written notice of the rejection along with a concise statement of the findings and the reasons for the rejection. Neither does ORS 468.110 aid petitioner. That statute merely provides that appeals from EQC orders are governed by the APA generally; it does not require that appeals from EQC orders be treated as appeals from contested cases.

In *Oregon Business Planning Council v. LCDC,* 290 Or 741, 626 P2d 350 (1981), the petitioner sought judicial review, in this court, of an LCDC order acknowledging a local government's comprehensive land use plan. Under *former* ORS 197.251, once a local government requested acknowledgment of its plan, LCDC had 90 days either to grant or to deny the request. The commission's order needed to include "a clear statement of findings." There was no statutory requirement of a hearing before LCDC action. The Supreme Court concluded that LCDC acknowledgment proceedings did not satisfy the definition of a contested case in ORS 183.310(2)(a)(A).[3] 290 Or at 749.

We conclude similarly that ORS 468.170 does not require a hearing before EQC's rejection of an application for a tax credit certificate. Therefore, petitioner has failed to prove that the EQC proceeding met the test for a contested case under ORS 183.310(2)(a)(A). We next turn to subsection (2)(a)(C).

■ A contested case includes an agency proceeding when an applicant for a license demands a hearing. ORS

---

[3] We recognize that we must examine each statute separately to determine whether that statute requires a contested case hearing. Because there is little case law interpreting ORS 468.170 and because the LCDC acknowledgment procedure was similar, we find the analogy helpful. *See Megdal v. Board of Dental Examiners,* 288 Or 293, 605 P2d 273 (1980).

183.310(2)(a)(C). ORS 183.310(4) defines a license to include "any agency permit, certificate, approval, registration or similar form of permission required by law to pursue any commercial activity, trade, occupation or profession." Although petitioner did apply for a certificate, that certificate was not required by law for it to pursue its business of manufacturing plywood. In fact, the pollution control facility was operational when petitioner applied for the tax credit certificate. We also note that petitioner never demanded a hearing. Instead, DEQ merely told petitioner when EQC would be considering the DEQ staff recommendation. Petitioner was given the opportunity to attend that hearing, if it chose to.

■     Lastly, we consider whether EQC "by rule or order provide[d] for hearings substantially of the character required by ORS 183.415, 183.425, 183.450, 183.460 and 183.470." ORS 183.310(2)(a)(D). The quoted statutes refer to prehearing notice requirements and discovery and deposition procedures, describe hearing procedures and describe the requirements for a contested case order. Although there are some similarities between the statutory procedures and the procedures EQC follows, we cannot say those similarities are substantial. For instance, none of the testimony at the EQC hearing was taken upon oath or affirmation as required by ORS 183.415(7). Neither did petitioner have the right to cross-examine witnesses as required by ORS 183.450(3). Furthermore, petitioner has not identified any rule or order which requires EQC to hold a hearing before denying an application for a pollution control tax credit certificate.

■ ■     Because the EQC proceeding does not satisfy the statutory requirements of a contested case, the order appealed from is an order in other than a contested case. It may be that judicial review by the circuit court is not as expeditious as judicial review by this court. However, we cannot rewrite the statute. ORS 174.010. Neither can we conclude, in the alternative, that we can review tax credit certificate denials because ORS 468.170 is silent as to which court reviews those denials. In *Oregon Business Planning Council v. LCDC,* 49 Or App 153, 619 P2d 1291 (1980), we concluded that, despite legislative silence, we had jurisdiction. The Supreme Court rejected that analysis because "when the legislature includes an express provision in one statute, but omits such a provision in another statute, it may be inferred that such an omission

was deliberate." *Oregon Business Planning Council v. LCDC, supra,* 290 Or at 749. Here, the legislature has provided that tax credit certificate revocations, ORS 468.185(1), permit proceedings, ORS 468.070(3), and enforcement proceedings, ORS 468.090(2), shall be treated as contested cases. We must assume that the legislature's failure to require a contested case hearing before the denial of a tax credit certificate was deliberate. We lack jurisdiction to review EQC's order.[4]

Petition for judicial review dismissed.

---

[4] We note that the Tax Court also lacks jurisdiction. Under ORS 305.410, the Tax Court's jurisdiction is limited to questions arising under the tax laws of Oregon. Whether petitioner is entitled to a solid waste pollution control facility tax credit is *not* a tax question. *See Hayden Island, Inc. v. DEQ,* 4 OTR 69 (1970), *aff'd* 258 Or 597, 484 P2d 1106 (1971).